IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAMS MFG. CORP.,<br>      Plaintiff,<br><br> vs.<br><br>HORIZON GROUP USA, INC.,<br>      Defendant. | )<br>)<br>) Civil Action No. 13-537<br>) Magistrate Judge Maureen P. Kelly<br>)<br>) Re: ECF No. 38<br>) |

## MEMORANDUM ORDER

Plaintiff filed this trademark infringement action on April 15, 2013, alleging, *inter alia*, that Defendant acquired suction cups manufactured by Plaintiff and sent them to China for use in designing and manufacturing suction cups sold by Defendant and that the suction cups sold by Defendant are copies of Plaintiff's suction cups. ECF No. 1, ¶¶ 38-48. Defendant responded to these allegations stating that it "is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph[s] [38-48] of the Complaint, and therefore denies same." ECF No. 15, ¶¶ 38-48.

On August 22, 2013, Plaintiff filed a Motion to Strike Paragraphs 38-48 of Defendant's Answer and Have Those Paragraph's Deemed Admitted ("Motion to Strike"), ECF No. 17, arguing that Defendant had three months to ascertain the information at issue and that because the information was within Defendant's exclusive knowledge and could be ascertained following a reasonable inquiry, that Defendant's responses were a "sham" and an attempt to avoid admitting potentially unfavorable facts. In its brief in opposition to Plaintiff's Motion to Strike, Defendant represented that the product manager responsible for the development of the suction cups is no longer employed by Defendant; that the product manager was terminated prior to the litigation for reasons unrelated to the allegations in the Complaint; that the product manager did not disclose any facts relating to the development of the suction cups to any current employee;

that no current employee of Defendant is in possession of the information necessary to either admit or deny the allegations in the Complaint; and that it was otherwise unable to ascertain any information regarding the genesis of the products at issue. Finding that Plaintiff had failed to demonstrate any cognizable prejudice from Defendant's Answers to paragraphs 38-48 of the Complaint and that there was no clear showing of bad faith by Defendant, this Court denied Plaintiff's Motion to Strike on September 18, 2013. ECF No. 28.

In an e-mail dated Friday, December 6, 2013, however, counsel for Defendant indicated to Plaintiff's counsel that, although his contacts at Horizon originally believed that the employee had been terminated as part of a cost cutting and reorganization, it was determined after further investigation that the employee was not terminated but rather had merely changed positions. ECF No. 38-1, p. 2. The employee was identified as Jennifer Abele. Id. Plaintiff's counsel responded on that same date inquiring whether Defendant intended to amend its Answer to the Complaint given that Ms. Abele is still employed by Defendant. ECF No. 39-1, p. 17. Defense counsel indicated that he would "look back at the Answer and amend if appropriate." Id.

The next business day, on Monday, December 9, 2013, Plaintiff filed a Request for Reconsideration of Order Denying Plaintiff's Motion to Strike in View of Newly Discovered Evidence and for Plaintiff's Fees Associated Therewith ("Motion for Reconsideration"), ECF No. 38, which is presently before the Court.

A motion for reconsideration is granted only if one of three situations is shown: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice." Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *citing* Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992).

> Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. . . . Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. . . .

Williams v. Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) (internal citations omitted).

Here, Plaintiff contends that in light of the newly discovered fact that Jennifer Abele was and still is employed by Defendant that the information necessary to respond to the allegations set forth in paragraphs 38-48 of the Complaint was clearly in Defendant's possession and/or within its ability to ascertain. Plaintiff therefore concludes that Defendant's failure to admit or deny those allegations was in bad faith and requires that the allegations be deemed admitted. In its response to the Motion for Reconsideration, Defendant acknowledges the error but contends that it was an innocent mistake and not made with the intent to deceive or harm Plaintiff. Defendant notes that it voluntarily disclosed the information shortly after it was discovered and informed counsel for Plaintiff that it would amend its Answer if appropriate after defense counsel reviewed it. Indeed, Defendant has attached a proposed Amended Answer to its response which was filed on December 13, 2013, one week after it disclosed the error to Plaintiff. See ECF No. 39-1.

Under these circumstances, the Court will deny the Motion for Reconsideration. Initially, the Court reiterates that motions for reconsideration, like motions to strike, are not favored and should be granted sparingly. Id. See McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Second, the Federal Rules of Civil Procedure permit a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," none of which are at issue here. Fed. R. Civ. P. 12(f). In addition, the mere fact that an error was made does not, by itself, suggest that Defendant acted in bad faith and

Defendant has represented that the error was result of a reduction in personnel coupled with a change in Ms. Abele's position.  More importantly, however, Plaintiff has not argued or demonstrated that it has suffered any harm or prejudice as a result of Defendant's error or because of Defendant's Answer to the Complaint.  See McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d at 402 (motions to strike will usually be denied unless the allegations may cause prejudice to one of the parties).  Nonetheless, the Court will not tolerate any further conduct by Defendant in failing to provide accurate and complete information to Plaintiff during the course of this litigation.  Accordingly, the following Order is entered:

AND NOW, this 20th day of December, 2013, upon consideration of Plaintiff's Request for Reconsideration of Order Denying Plaintiff's Motion to Strike in View of Newly Discovered Evidence and for Plaintiff's Fees Associated Therewith, ECF No. 38, IT IS HEREBY ORDERED that the Motion is DENIED.

By the Court:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
United States Magistrate Judge

cc: All Counsel of Record via CM-ECF